**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ANDERS KARLSSON; KENNETH
KARLSSON,

               Plaintiffs-Appellants,

v.

CONNIE JOSEPHINE TRONCALE;
GINA A. LEAGO, in her individual and
official capacities; LEAGO LAW
GROUP, a California Professional Law
Corporation,

               Defendants-Appellees.

</td><td>

No.   20-55956

D.C. No.
2:19-cv-08681-FMO-E

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted November 18, 2021[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  BERZON and RAWLINSON, Circuit Judges, and KENNELLY,[***] District Judge.

Anders and Kenneth Karlsson (collectively, the Karlssons) appeal the district court's dismissal of their second amended complaint for failure to state a claim.  The Karlssons assert that their complaint sufficiently alleged circumstantial facts giving rise to an inference that Connie Josephine Troncale (Troncale) and Regina "Gina" Leago and the Leago Law Group (collectively, Leago) engaged in a conspiracy in violation of 42 U.S.C. §§ 1985 and 1986 to intimidate Anders from pursuing his prior federal action against Troncale.

The second amended complaint does not plausibly allege the requisite "conspiracy between two or more persons" required under 42 U.S.C. § 1985. *Head v. Wilkie*, 936 F.3d 1007, 1010 (9th Cir. 2019) (citation omitted).  The Karlssons' allegations focus on Leago's purported conduct without any plausible allegations of concerted action with Troncale.  Notably absent are any factual allegations "plausible on [their] face" that Troncale agreed to or engaged in the conspiratorial acts. *Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1071 (9th Cir. 2021) (citation omitted).  Tellingly, the Karlssons attempted to bolster their claims with a declaration by Troncale.  But, rather than attesting to conspiratorial

---

[***]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

2

activity in the declaration, Troncale disavowed involvement in or agreement to the actions taken by Leago, undermining the very general allegations in the complaint that a conspiracy existed. Thus, the district court properly dismissed the second amended complaint for failure to state a claim.[1]

The district court also did not abuse its discretion in denying leave to amend because the Karlssons "provided no basis for concluding that any of these deficiencies could be cured by an amendment of the complaint." *Abcarian v. Levine*, 972 F.3d 1019, 1032 (9th Cir. 2020).

The Karlssons further assert that the district court abused its discretion in declining to retain jurisdiction over their settlement agreement with Troncale. However, the district court was not required to exercise jurisdiction over any settlement. *See Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016), *as amended* (explaining that "a district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction," and that "[i]f a district court wishes to retain jurisdiction to later enforce the terms of a settlement agreement, the order dismissing a case with

---

[1] Because the Karlssons failed to plausibly allege a claim under 42 U.S.C. § 1985, dismissal of their claim brought pursuant to 42 U.S.C. § 1986 was also warranted. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (reiterating that "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985") (citation omitted).

prejudice must incorporate the terms of the settlement agreement or expressly retain jurisdiction") (citations omitted). The Karlssons' own proposed order of dismissal did not incorporate the terms of the settlement agreement. Thus even if the district court had issued the Karlsson's proposed order verbatim, it would not have retained jurisdiction to enforce the settlement agreement. The district court cannot possibly have abused its discretion by taking action the parties themselves proposed.[2]

    **AFFIRMED.**

---

[2] Appellants' Motion To Take Judicial Notice, filed August 4, 2021, is DENIED because the documents are unnecessary to resolve this appeal.